NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-159-WOB

BRENTON WOMBLES                                                                                  PLAINTIFF

VS.              **MEMORANDUM OPINION AND ORDER**

CABINET FOR HEALTH
AND FAMILY SERVICES, ET AL.                                                          DEFENDANTS

The plaintiff, Brenton Wombles, is confined in the Kentucky State Reformatory which is located in LaGrange, Kentucky. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Wombles has also filed a motion to proceed *in forma pauperis,* which the Court has addressed by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. § 1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS ASSERTED

Wombles alleges that the defendants violated various provisions of Kentucky law (KRS. 209.140 and KRS 610.340) when they disclosed certain information about him to Steve and Tamela Gilardi. Wombles also alleges that the defendants have violated his right to due process of law under the United States Constitution.

NAMED DEFENDANTS AND RELIEF REQUESTED

The named defendants are: (1) the Cabinet for Health and Family Services ("CHFS"), and (2) Cynthia Kloker, whom he identifies as the legal Counsel for the CHFS. Wombles seeks $5,000,000.00 in punitive damages. Wombles also seeks injunctive relief in the form of an Order requiring a state agency to provide him with access to information and records about him which that agency maintains.

ALLEGATIONS OF THE COMPLAINT

The plaintiff has filed a pre-printed complaint form, in which he has provided hand-written responses to the questions. Wombles has attached to his complaint an August 6, 2008 Order from the Office of Jack Conway, the Kentucky Attorney General, which is entitled "08-ORD-161." That Order affirms prior decisions reached by the CHFS, under the Kentucky Open Records Act, concerning Wombles's earlier requests to obtain certain documents pertaining to his own records.

The allegations of the complaint are somewhat difficult to follow, but it appears that Wombles is alleging that the CHFS violated his right to privacy by allegedly disseminating confidential information about him, and his brother Brandon Wombles, to Steve and Tamela Gilardi [*See* Record No. 2, Petition Form, ¶ III]. Wombles states that the disclosure involved

"the reasons my brother and I were in foster case." Wombles alleges that the CHFS used the confidential information "to obtain a petition against the Gilardi family for purposes of prosecuting the Gilardi family." [*Id.*].

Wombles further alleges that the CHFS have made threats to the Gilardi family. Wombles also alleges that the CHFS has refused to provide him with certain documents he has requested relating to these issues.

## DISCUSSION
### 1. Claims Against Cynthia Kloker

Plaintiff Wombles has named Cynthia Kloker as defendant, but Wombles alleges no conduct on the part of Cynthia Kloker. The "claims" against Defendant Kloker are non-existent.

Vague and conclusory statements are insufficient to state a civil rights claim. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). To succeed under § 1983, a plaintiff must show personal involvement by the defendant in the constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995) (per curiam).

Because Wombles makes no specific claims against Kloker, Wombles's complaint would require Kloker and the Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

The claims against Cynthia Kloker will, therefore, be dismissed, with prejudice, for

failure to state a claim under 28 U.S.C. § 1915(e)(2)(ii).

### 2. Claims for Monetary Damages Against the CHFS

The Eleventh Amendment to the United States Constitution bars the plaintiff's claims against states and state agencies . The Eleventh Amendment provides as follows:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The CHFS is a statutorily created agency of the Commonwealth of Kentucky. *See* KRS § 12.250(6). States and their agencies are immune from liability for actions in their official capacities for monetary damages, unless the state consents. *See Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir.1998) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."); *Barrett v. Benchmark Family Services, Inc.*, 2008 WL 2050996, * 2 (E. D. Ky. May 12, 2008) (Slip Copy).

### 3. Claims for Injunctive Relief Against CHFS

Subject matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at any time during the course of an action. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).

Once challenged, the burden of establishing federal subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942). The plaintiff has

the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

The plaintiff alleges that the CHFS violated provisions of various Kentucky statutes, including those relating to the Kentucky Open Records Law, KRS. 61.878 (1)(a). Here, Wombles asks this Court to order the CHFS to take certain action (disclose to him information about him and his brother contained in CHFS records) in compliance with Kentucky state law.

To the extent that Wombles seeks an Order from this Court requiring the CHFS to comply with Kentucky state laws, this Court cannot assist him. This Court lacks subject matter jurisdiction over the plaintiff's claims. Federal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Federal Courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).[1]

The Court notes that on Page 6 of the August 6, 2008 letter from the Office of the Kentucky Attorney General, Michelle Harrison, Assistant Attorney General, advised Wombles as follows:

---

[1] *See also Seward v. Heinze*, 262 F.2d 42 (9th Cir. 1958) (issues concerning whether sentencing state had waived its right to insist upon completion of the petitioner's numerous state sentences was a question of state law); and *McCowan v. Nelson*, 436 F.2d 758 (9th Cir. 1970) (whether California Adult Authority was required to promptly execute its order suspending petitioner's parole and whether petitioner was entitled to credit for time spent in Arizona jail awaiting extradition on Authority's order were state law questions not within competence of federal habeas corpus court).

5

> A party aggrieved by this decision may appeal it by initiating action in the appropriate circuit court pursuant to KRS 61.880(5) and KRS 61.882. Pursuant to KRS 61.880(3), the Attorney General should be notified of any action in circuit court, but should not be named as a party in that action or in any subsequent proceeding.

[*See* Record No. 2-3, p.6].

Plaintiff Wombles should assert claims for injunctive relief, if any, in the appropriate circuit court in the State Courts of Kentucky.[2] The plaintiff's motion for production of documents [Record No. 4] will be denied as moot  This action will be dismissed with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The plaintiff's claims for monetary damages against the Cabinet for Health and Family Services and Cynthia Kloker are **DISMISSED WITH PREJUDICE**.

(2)     The plaintiff's claims for injunctive relief against the Cabinet for Health and Family Services are **DISMISSED WITHOUT PREJUDICE**.

(3)     The plaintiff's request/construed motion for production of documents [Record No. 4] is **DENIED** as **MOOT**.

(4)     This action is **DISMISSED** and Judgment shall be entered contemporaneously with this Order in favor of the named defendants.

---

[2] To the extent that Wombles appears to be asserting claims of on behalf of Mr. And Mrs. Giraldi, he is advised that generally a party may not assert the rights of others, *County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 60 L. Ed.2d 777 (1979).

This 26th day of September, 2008.



Signed By:
William O. Bertelsman  WOB
United States District Judge